IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NEAUTHOR ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:16cv515-MHT |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Neauthor Robinson's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Doc. No. 1.[1] Robinson contends that his conviction under 18 U.S.C. § 924(c) is unlawful under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). However, because the decision in *Johnson* did not affect Robinson's conviction under § 924(c), Robinson is not entitled to relief.

## I.  BACKGROUND AND PROCEDURAL HISTORY

On March 13, 2003, a jury found Robinson guilty of interstate kidnapping, in violation of 18 U.S.C. § 1201(a)(1) (Count 1); interstate violation of a protection order, in violation of 18 U.S.C. § 2262(a)(2), (b) (Count 2); brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3); and possession of a firearm while subject to a protection order, in violation of 18 U.S.C. §§ 922(g)(8) & 924(a)(2)

---

[1] References to "Doc. No(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

(Count 4). The kidnapping offense charged in Count 1 served as the predicate "crime of violence" for Robinson's § 924(c) conviction under Count 3. *See* Doc. No. 8-1 at 4.

After a sentencing hearing on June 4, 2003, the district court sentenced Robinson to 252 months' imprisonment, consisting of concurrent terms of 168 months on Counts 1 and 2, a concurrent term of 120 months on Count 4, and a consecutive term of 84 months on Count 3.

Robinson appealed, and on February 9, 2004, the Eleventh Circuit affirmed his convictions and sentence. *See United States v. Robinson*, 97 F. App'x. 906 (11th Cir. 2004). Robinson filed no petition for certiorari in the United States Supreme Court.

In February 2005, Robinson filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *See Robinson v. United States*, Civil Action No. 1:05cv91-MHT. In March 2007, this court denied Robinson relief on the claims in his § 2255 motion.

In June 2015, approximately twelve years after Robinson was convicted, the Supreme Court held that the residual clause of the "violent felony" definition in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015).[2] In *Johnson*, the Court reasoned: "[T]he

---

[2] A conviction for possession of a firearm as a convicted felon under § 922(g)(1) normally carries a sentence of not more than ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, under the ACCA, an individual who violates § 922(g) and has three prior convictions for a violent felony, a serious drug offense, or both, is subject to an enhanced sentence of not less than fifteen years. 28 U.S.C. § 924(e)(1). When *Johnson* was decided, the ACCA defined a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 28 U.S.C. § 924(e)(2)(B). These definitions of "violent felony" fall into three respective categories: (1) the elements clause; (2) the enumerated-offenses clause; and (3) and the now-void residual clause. *See In re Sams*, 830 F.3d 1234, 1236–37 (11th Cir. 2016).

indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." *Id*. at 2557. However, the Court "d[id] not call into question application of the [ACCA] to . . . the remainder of the Act's definition of a violent felony." *Id*. at 2563 (alterations added). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that the *Johnson* decision announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review.

Title 18 U.S.C. § 924(c) provides in part that a defendant who uses or carries a firearm "during and in relation to any crime of violence or drug trafficking crime," or possesses a firearm in furtherance of such crimes, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to a separate and consecutive term of imprisonment. And if, as in Robinson's case, the firearm is brandished during the crime, the consecutive sentence shall be "not less than 7 years." 18 U.S.C. § 924(c)(1)(A)(ii). For purposes of § 924(c), the term "crime of violence" means an offense that is a felony and:

(A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) of § 924(c)(3) is referred to as the "use-of-force clause," and subsection (B) is referred to as the § 924(c)(3)(B) "residual clause." *See In re Saint Fleur,* 824 F.3d 1337, 1339 (11th Cir. 2016).

On June 26, 2016, Robinson filed an application with the Eleventh Circuit seeking leave to file a second or successive § 2255 motion based on the Supreme Court's decision in *Johnson*. In particular, Robinson argued that his § 924(c) conviction under Count 3 of the indictment was unlawful because the § 924(c)(3)(B) residual clause is materially indistinguishable from the ACCA residual clause declared unconstitutionally vague in *Johnson*. Proceeding from the premise that *Johnson* extends to, and voids, the § 924(c)(3)(B) residual clause, Robinson argued that his § 924(c) conviction could not stand because the kidnapping offense in Count 1, which served as the predicate "crime of violence" for his § 924(c) conviction, categorically fails to qualify as a crime of violence under § 924(c)'s remaining use-of-force clause, *see* § 924(c)(3)(A), as the elements of the federal kidnapping statute, 18 U.S.C. § 1201(a), do not always involve the use of force.

On July 22, 2016, the Eleventh Circuit authorized Robinson to file a second-or-successive § 2255 motion under 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A) regarding his claim that his § 924(c) conviction was unlawful under *Johnson*.³ Doc. No. 9-16. In finding

---

³ To file a second or successive motion in the district court, a prisoner must apply for leave from the appropriate court of appeals, *see* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h), and the court of appeals must not grant leave unless the motion will "contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(continued…)

there was arguable merit to Robinson's claim under *Johnson,* the Eleventh Circuit noted that it had not yet determined whether federal kidnapping is categorically a crime of violence for purposes of § 924(c), but that it appeared the elements of the federal kidnapping statute do not require the use of force. Doc. No. 9-16 at 4–5. In addition, the Eleventh Circuit noted that it had not yet decided whether *Johnson* applies to § 924(c).[4] *Id* at 3.

Robinson is now before this court with his § 2255 motion arguing that his § 924(c) conviction is unlawful under *Johnson*. Doc. No. 1. Because recent binding Eleventh Circuit precedent forecloses the possibility that Robinson has met the § 2255(h) requirements for filing a second or successive petition based on *Johnson*, the undersigned concludes that Robinson's § 2255 motion is due to be dismissed.

## II.  DISCUSSION

In its recent en banc decision in *Ovalles v.United States*, 905 F.3d 1231 (11th Cir. 2018) (en banc) ("*Ovalles II*"), the Eleventh Circuit held that § 924(c)(3)(B)'s residual

---

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).

[4] The undersigned notes that the Eleventh Circuit's authorization to file this § 2255 motion is only a "threshold determination" that "does not conclusively resolve" the question whether Robinson has actually satisfied the requirements of § 2255(h). *In re Moore*, 830 F.3d 1268, 1270–71 (11th Cir. 2016). Rather, this court must make an independent determination of whether Robinson meets § 2255(h)'s requirements and "'decide every aspect of the case fresh, or in the legal vernacular, *de novo*.'" *In re Chance*, 831 F.3d 1335, 1338 (11th Cir. 2016) (quoting *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1358 (11th Cir. 2007)). This gatekeeping role recognizes that this court is in the best position to make the § 2255(h) assessment. *Jordan*, 485 F.3d at 1358; *see also In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013) (reiterating that the court of appeals' threshold conclusion in granting a successive application that a prima facie showing has been made is necessarily a "limited determination" as the district court then must also decide "fresh" the issue of whether § 2255(h)'s criteria are met).

clause is not unconstitutionally vague under *Johnson* and its progeny so long as the statute is interpreted to embody a conduct-based approach that accounts for the actual, real-world facts of the predicate offense's commission, as opposed to a categorical approach. 905 F.3d at 1253. "As interpreted to embody a conduct-based approach, § 924(c)(3)(B) is not unconstitutionally vague." *Id.* Thus, the Eleventh Circuit has clarified that it "no longer applies the categorical approach in assessing whether an offense qualifies as a crime of violence under § 924(c)(3)(B)." *Id.*

*Ovalles II* interpreted § 924(c)(3)(B) and set forth a rule of statutory interpretation, not a rule of constitutional law. *See* 905 F.3d at 1240, 1244, 1245–48, 1252. In other words, in light of the holding in *Ovalles II*, *Johnson* does not supply any "rule of constitutional law"—"new" or old, "retroactive" or nonretroactive, "previously unavailable" or otherwise—that can support a vagueness-based challenge to the residual clause of § 924(c). *In re Garrett*, 908 F.3d 686, 689 (11th Cir. 2018). Thus, the Eleventh Circuit has expressly held that under *Ovalles II*, no federal prisoner convicted and sentenced under § 924(c) can argue that *Johnson* gives him the right to file a second or successive § 2255 in this Circuit asserting a vagueness challenge to § 924(c).[5] *Garrett*, 908 F.3d at 689. Given *Ovalles II*'s holding that § 924(c)(3)(B)'s residual clause is not unconstitutionally vague, a *Johnson*-based vagueness challenge to § 924(c)'s residual clause cannot satisfy § 2255(h)(2)'s "new

---

[5] Of course *Ovalles II* had not been decided at the time the Eleventh Circuit authorized Robinson to file this, his second, § 2255 motion.

(continued…)

6

rule of constitutional law" requirement.[6] *Solomon v. United States*, 911 F.3d 1356, 1361 (11th Cir. 2019) (citing *Garrett*, 908 F.2d at 689).

The recent binding Eleventh Circuit precedent of *Ovalles* and *Garrett* establishes that the Supreme Court's decision in *Johnson* did not affect Robinson's conviction under § 924(c). Because *Johnson* leaves § 924(c)(3)(B)'s residual clause unscathed, Robinson cannot satisfy § 2255(h)(2)'s requirement that his successive § 2255 motion present a claim based on a new rule of constitutional law made retroactive by the Supreme Court. Therefore, Robinson is entitled to no relief.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Robinson's § 2255 motion be DISMISSED as a second or successive motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before April 3, 2019. A party must specifically identify the factual findings and legal

---

[6] As the Eleventh Circuit explained in *Garrett*:

> To be sure, Garrett was sentenced before we decided *Ovalles*, and we used to interpret section 924(c) to require a categorical approach. *See United States v. McGuire*, 706 F.3d 1333, 1336 (11th Cir. 2013), *overruled in relevant part by Ovalles*, 905 F.3d at 1253. But even if we construed Garrett's claim as a challenge to the use of a categorical approach by his sentencing court, it would make no difference. The substitution of one interpretation of a statute for another never amounts to "a new rule of *constitutional* law," 28 U.S.C. § 2255(h)(2) (emphasis added), not even when it comes from the Supreme Court. *See Gray-Bey v. United States*, 209 F.3d 986, 988–89 (7th Cir. 2000) (explaining that the Supreme Court did not establish a new rule of constitutional law when it abrogated several circuits' interpretation of section 924(c) in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995)).

908 F.3d at 689.

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

    DONE this 20th day of March, 2019.

                                           /s/ Wallace Capel, Jr.
                            CHIEF UNITED STATES MAGISTRATE JUDGE